UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GENE WASHINGTON

                Plaintiff

  -against-                             SECOND AMENDED
                                       COMPLAINT
                                       PLAINTIFFS DEMAND
THE CITY OF NEW YORK, P.O.         TRIAL BY JURY
DELANEY TR # 952653
and POLICE OFFICER JOHN DOE 1-10

                                          13-cv- 05583

                Defendants
------------------------------------------------------------------------X

MICHAEL COLIHAN- ATTORNEY AT LAW

                                                                       44 Court Street
                                                                          Suite 906
                                                            Brooklyn, New York 11201

Phone (718) 488-7788

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
GENE WASHINGTON

                Plaintiff

   -against-                            SECOND AMENDED
                                             COMPLAINT
                                           PLAINTIFFS DEMAND
THE CITY OF NEW YORK                  TRIAL BY JURY
P.O. DELANEY, TR # 952693
and POLICE OFFICER JOHN DOE 1-10


                                                 13-cv- 05583
                      Defendants
------------------------------------------------------------------------X

**PRELIMINARY STATEMENT**

1. This is a civil action for damages brought pursuant to redress the deprivation by defendants of the rights secured to plaintiff under the Constitution and laws of the United States and State of New York. The defendants, upon information & belief, without a warrant and without probable cause, unlawfully arrested, detained assaulted and injured the plaintiff GENE WASHINGTON on February 23, 2013. He was assaulted and severely injured as well. This occurred on or about July 9, 2013. He suffered serious and severe physical and psychological injuries, the full nature and extent have yet to be determined.. By the filing of this complaint, the plaintiff now alleges that the City of New York & the New York City Police Department violated his rights under 42 USC Section 1983, the 4th Amendment of the United States Constitution and New York State law. In addition, the plaintiff invokes the pendant jurisdiction of this court to assert claims arising under state law

2. That the jurisdiction of this Court is invoked under the provisions of Section 1331 &

1343 of Title 28 and Sections 1983 & 1988 of Title 42 of the United States Code . Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 USC Section 1367 to hear and decide their New York State Law claims of false arrest, false imprisonment and the intentional and negligent infliction of mental & emotional distress against the individual defendant police officers.  These state law claims form part of the same case and controversy as plaintiff's federal claims under Article III of the United States Constitution.

3. Because plaintiff's state law claims are brought only against the individual defendant police officers and allege intentional conduct, no notice of claim is required. In suits against municipal or county employees, as opposed to suit against municipalities themselves, " service of the notice of claim upon the public corporation shall be required only if the corporation has a statutory obligation to indemnify such person under this chapter or any other provision of law" N.Y. Gen. Mun. Law Section 50- e (1) n(b)

4. The acts complained of above are not an isolated incident. They are part of a pattern of abuse by the New York City Police Department in the City of New York of false arrests and assaults on innocent civilians particularly against minorities. The motivation includes but is not limited to obtaining overtime compensation, the statistical needs of the NYPD, and other improper motives.

**PARTIES**

5. That at all times hereinafter mentioned, the plaintiff GENE WASHINGTON was and still is a resident of the County, City & State of New York.

6. Upon information and belief the defendant THE CITY OF NEW YORK was and is a municipal corporation organized and existing under the laws of the City and State of New York.

7. That the defendant POLICE OFFICER P.O. DELANEY, TR # 952693 was and is an agents, servant & employee of the defendant THE CITY OF NEW YORK.

8. That the defendants POLICE OFFICERS JOHN DOE 1-10 were and are agents, servants & employees of the defendant THE CITY OF NEW YORK.

### STATEMENT OF RELEVANT FACTS

9. That on or about the 9th day of July, 2013 the plaintiff was lawfully in in the County of Kings ,City and State of New York, at or near the front of 405 Lexington Avenue in Brooklyn, NY The plaintiff was committing no crime at that time and was not acting in a suspicious manner.

10. That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, approached, accosted, assaulted and injured by the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting under color of law during the aforesaid transactions, including but not limited to POLICE OFFICER JOHN DOE 1-10 .

11. That by reason of the foregoing the plaintiff suffered serious and severe physical and psychological injuries, some of which, upon information & belief are permanent in nature.

12.  That while at the aforesaid time and place the plaintiff was unlawfully and without just cause, arrested and unlawfully detained and issued a desk appearance ticket 4412011009 refutable at 346 Broadway , NY, NY on October 9, 2013 which falsely charged him with violation of Pl 240.20 (6) by  the aforementioned officers of THE NEW YORK CITY POLICE DEPARTMENT who were  agents, servants and employees of the defendant THE CITY OF NEW YORK who were acting  under color of law during the aforesaid transactions..Said desk appearance ticket was dismissed on October 9, 2013.

13..  That by reason of the foregoing, the plaintiff suffered loss of liberty and damage, the full nature & extent of which have yet to be determined.

.

**FIRST CLAIM INTENTIONAL INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE NEW YORK CITY POLICE DEPARTMENT AND THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS**

15..Plaintiff repeats the foregoing allegations

16.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

17.. Despite the innocence of the plaintiff, the defendants arrested him and or failed to intervene to prevent said false arrest.

18. Defendant's actions in making false allegations against the plaintiff ,in assaulting and  injury him, amounts to conduct intolerable in a civilized society which has caused the plaintiff emotional distress.

19 Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the intentional infliction of mental distress. as described above.

### SECOND CLAIM FOR THE NEGLIGENT INFLICTION OF MENTAL & EMOTIONAL DISTRESS AS AGAINST THE CITY OF NEW YORK AND INDIVIDUALLY NAMED NEW YORK CITY POLICE   OFFICERS

20. Plaintiff repeats the foregoing allegations

21.  At all relevant times, plaintiff had not committed any crime or offense and did not act in a suspicious manner.

22.. Despite the innocence of the plaintiff, the defendants assaulted and injured him.

23. Defendant's actions in assaulting and injuring him, amounts to conduct intolerable in a  civilized society which has caused the plaintiff emotional distress.

24. Accordingly, the individual defendants are liable to the plaintiff under the law of the state of New York for the negligent infliction of mental distress.

### FOURTH CLAIM FOR VIOLATION OF THE PLAINTIFF'S CIVIL RIGHTS AS AGAINST THE CITY OF NEW YORK & THE INDIVIDUALLY NAMED NEW YORK CITY POLICE OFFICERS

25. Plaintiff repeats the foregoing allegations

26. In the manner as aforesaid, each of the defendants, jointly & severally, acted maliciously, willfully and wantonly, and outside the scope of his jurisdiction, although under color of law, and violated the following rights of the plaintiff; to be free from excessive force, false arrest, false imprisonment, summary punishment without trial & due process of law.

27.  Defendants, its agents servants and employees, by their conduct herein alleged, intentionally, willfully and without justification, and under color of law did deprive the plaintiff of his rights, privileges and immunities secured to her by the Constitution and the laws of the United States, and by 42 U.S.C. Sections 1983 & 1988 and by the statutes and laws of the state of New York which are invoked under the pendant jurisdiction of this Court for the incident as described above.. His rights were violated because he was deprived on his liberty as described above and assaulted and injured.

### FIFTH CLAIM- MONELL VIOLATION

28. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

29. That the City of New York is a "person" within the meaning of 42 USC Section 1983.

30.. That City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

31  Upon information & belief, the City of New York, at all relevant times, was aware that the defendants and other members of the NYPD,  and lawless officers who have previously committed acts similar to those herein complained of, have a tendency and predisposition for unlawful, illegal and unconstitutional conduct and or have been poorly trained, supervised and disciplined.

32. A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

33. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

34. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

35 .In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

36. Despite the foregoing, the City of New York exercised deliberate indifference to the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses.

37. The City's failure to act resulted in a violation of the plaintiff's constitutional rights

38.  At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

39. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury

and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

40. As a result of the foregoing, plaintiff was deprived of liberty, suffered emotional injury, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d. Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY

December 10 , 2013.

------------------/s/-------------------------
MICHAEL COLIHAN (MC-0826)
Attorney for the Plaintiff
44 Court Street
Suite 906
Brooklyn, NY 11201

(718) 488-7788